IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD CAMPFIELD, et al.,** | : | Case No. 2:15-cv-2733 |
| | : | |
| Plaintiffs, | : | **Judge Watson** |
| | : | |
| v. | : | **Magistrate Judge Kemp** |
| | : | |
| **SAFELITE GROUP, INC., et al.,** | : | |
| | : | |
| Defendants. | : | |

**AGREED PROTECTIVE ORDER**

Discovery in this action is likely to involve material that a party considers to be confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Agreed Protective Order ("Order").  This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles.  This Order does not automatically authorize the filing under seal of material designated under this Order.  Instead, the parties must comply with Local Rule 5.2.1 if they seek to file documents or other materials under seal.  If any Party seeks to file with the Court a document or other material which has been designated as "Confidential" pursuant this Order and/or to disclose such designated information in any pleading, motion, or paper to be filed with the Court, the Parties will follow the procedures set forth in paragraph 7, below, concerning the filing of a motion to seal.  This Order does not govern the use at trial of material designated under this Order.  IT IS HEREBY ORDERED THAT:

1. The parties to this lawsuit ("parties") and any non-parties who produce documents to the parties in the course of discovery ("affected non-parties") may designate documents for which protected status is claimed by stamping or labeling such document "Confidential." Information other than documents should be designated as Confidential by any reasonable means of giving notice of intent to claim protected status for the information.  All documents and information produced in this action by any party or non-party and designated as Confidential shall be subject to the provisions of the Order.  Upon the designation of any document as confidential, all copies of such document then or at anytime thereafter in the possession or control of any party, from whatever source received, and all documents or works derived, created, or sourced in any part from any confidential document or information shall be subject to the provisions of this Order.

2. Documents and information designated confidential in accordance with this Order shall be used solely for the purpose of this action or appeal, and, unless the Court rules otherwise, such documents or information shall not be disclosed to any person other than (a) counsel of record to any party and any in-house counsel for any party or party affiliate (collectively defined as "Counsel"); (b) the legal, clerical, paralegal staff, or other support staff of such counsel in this action employed during the preparation for and trial of this action; (c) the parties and the principals, officers, agents and employees of a party; (d) witnesses or potential witnesses in this case; (e) persons retained by either party to this Order to furnish expert services or advice or to give expert testimony in this action (and their employees); (f) deponents and court reporters in this action; and (g) the Court and Court personnel.  Confidential documents or information disclosed to any such person shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (g) of this paragraph.  No such

documents or information designated as Confidential pursuant to this Order shall be used by any such person for any purpose other than for the preparation, trial, appeal and/or settlement of this action.  However, except as to disclosures to the parties, in no event, shall any documents or information designated as Confidential or any documents or works derived, created, or sourced in any part from any confidential document or information be disclosed to any employee, agent, representative or anyone closely affiliated with a known competitor of a party or affected non-party, absent prior notice to and agreement from all applicable counsel of record or by order of this Court.

       3.      If a question arising at a pretrial deposition calls for an answer containing Confidential information, or if the question contains Confidential information, counsel for the party or affected non-party with an interest in protecting such Confidential information shall, either at the deposition itself or within 15 business days after receipt of the transcript thereof, notify all counsel of record and any affected non-parties that the information provided in such answer or question is considered Confidential and that the transcript reflecting such information shall be subject to the provisions of this Order.

       4.      Any person who is to obtain access to Confidential documents or information pursuant to paragraph 2, except for court personnel and their staffs and actual parties and Counsel and their staffs (including but not limited to outside counsel and in-house attorneys and persons assisting outside counsel or in-house attorneys with this litigation), shall prior to receipt of such Confidential documents or information (a) agree in writing to be bound by the terms of this Order by executing the Agreement attached hereto as Exhibit A; and (b) submit to the authority of this Court for enforcement of this Order.

5. If counsel of record or counsel for an affected non-party that is not an affiliate of a party shall hereafter desire to make Confidential documents or information available to any person other than those referred to in paragraph 2 above, such counsel shall designate the material involved, identify the person to whom he/she wishes to make disclosure, and inform opposing or an affected non-party's counsel. If counsel are unable to agree on the terms and conditions of disclosure to persons not enumerated in paragraph 2, disclosure may be made only on such terms as the Court may order.

6. If any party objects to the designation of any document or information as Confidential, counsel for the objecting party shall notify all counsel of record and any affected non-party of the objection. If a dispute regarding the objection cannot be resolved by agreement, counsel for the party objecting to the Confidential designation shall provide written notice of such fact to counsel for the party seeking the Confidential designation and specifically identify in such notice the documents or information at issue. Counsel for the party seeking the confidential designation shall have 14 calendar days after issuance of such written notice to move this Court for an order confirming confidential treatment under this Order of the documents or information in question. If counsel for the party seeking the confidential designation does not move this Court for such an order within 14 calendar days of issuance of the written notice, then the documents or information identified in the notice shall no longer be covered by this Order.

7. The parties shall comply with Local Rule 5.2.1 when attempting to seal any document(s) reflecting Confidential Information. No Confidential Information shall be filed in the public record without the written permission of the Disclosing Party, or a court's order.

8. At the conclusion of trial, or of any appeals or other termination of this litigation, all confidential material received under the protections of this Order (and all copies) shall be

retained by counsel of record in their legal files or destroyed by them if requested by the producing party or non-party.  The provisions of this Protective Order insofar as they restrict the communication and use of Confidential information shall, without written permission of the producing party or affected non-party or further order of this Court, continue to be binding on all parties and individuals receiving such Confidential information, including after the conclusion of this litigation.

      9. During discovery in this case, any party or affected non-party may designate particularly sensitive, trade secret, confidential or personal information for "Attorneys' Eyes Only."  Documents so designated will be subject to all the restrictions and limitations set forth in this Order regarding the use and disclosure of Confidential information.  However, documents labeled or identified as "Attorneys' Eyes Only" may be disclosed only to Counsel and attorneys, paralegals, and other support personnel in such attorneys' offices or staffs, and employees assisting Counsel in this litigation.  Any party or affected non-party designating Confidential information for "Attorneys' Eyes Only" must have a legitimate, good faith basis for doing so.  With advance notice to the other counsel, the parties and, as applicable, affected non-parties may stipulate as to whether, in what manner, and with what restrictions any party, lay witness or expert witness (or potential expert witness) may review "Attorneys' Eyes Only" information.  Any party may challenge any "Attorneys' Eyes Only" designation by attempting to resolve the issue informally among the parties or affected non-party.  If a dispute regarding the issue cannot be resolved by agreement, counsel for the party objecting to the "Attorneys' Eyes Only" designation shall provide written notice of such fact to counsel for the party seeking the "Attorneys' Eyes Only" designation and specifically identify in such notice the documents or information at issue.  Counsel for the party seeking the "Attorneys' Eyes Only" designation shall

have 14 calendar days after issuance of such written notice to move this Court for an order confirming the treatment under this Order of the documents or information in question. If such a motion is filed, the document or information shall be filed under seal pursuant to paragraph 7 above and kept "Attorneys' Eyes Only" pending ruling on the motion. If counsel for the party seeking the "Attorneys' Eyes Only" designation does not move this Court for such an order within 14 calendar days of issuance of the written notice, then the documents or information identified in the notice shall no longer be covered by this Order.

10. The parties shall confer and propose a method for dealing with documents or information designated as Confidential and/or Attorneys' Eyes Only before any trial.

11. Nothing contained in this Order, nor any action taken in compliance with it, shall (a) operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information is, or is not, confidential or (b) prejudice in any way the right of any party to seek a Court determination of whether or not it should remain confidential or "attorneys' eyes only" and subject to the terms of this Order. If any party or affected non-party seeks a determination from the Court as to a particular document's confidential status, the party or affected non-party asserting that the document is confidential or "attorneys' eyes only" shall bear the burden of proving that the document is entitled to confidential or "attorneys' eyes only" treatment.

12. Any party or affected non-party may request the Court to grant relief from or modify any provision of this Order. Additionally, upon providing the parties or affected non-parties with advance notice of its intent to modify this Order and an opportunity to be heard concerning any proposed modifications, the Court may modify this Order without motion of any party.

13. Nothing herein constitutes or may be interpreted as a waiver by any party or affected non-party of the attorney-client privilege, attorney work product protection or any other privilege.

14. It is recognized that, due to the exigencies of providing numerous documents and the taking of testimony, certain documents or testimony may be designated erroneously as confidential or attorney's eyes only, or documents or information that are entitled to confidential treatment may erroneously not be designated as confidential or attorney's eyes only.  The parties and affected non-parties may correct their confidentiality designations, or lack thereof, within a reasonable time after discovery of the error and shall, at their own expense, furnish to all counsel of record copies of the documents for which there is a change in designation.

15. Documents or information produced or used in discovery by any party or affected non-party prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if such Order had been entered by the Court as of the date such documents or information were produced or used in discovery.

16. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential obtained by such party independently of the discovery proceedings in the litigation or that is already in the public domain.  Nothing in this Order shall prevent any party or affected non-party from using or disclosing their own documents or information, regardless of whether they are designated confidential or "attorneys' eyes only".

SO ORDERED.

- 8 -

~~UNITED STATES DISTRICT JUDGE~~

or

/s/ Terence P. Kemp

UNITED STATES MAGISTRATE JUDGE

AGREED:

*s/Yechiel Michael Twersky*
Peter R. Kahana, Esq.
Y. Michael Twersky, Esq.
(*admitted pro hac vice*)
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
T. (215) 875-3000
F. (215) 875-4604
E. pkahan@bm.net, mkane@bm.net, mitwerseky@bm.net

Drew Legando (0084209)
Jack Landskroner (0059227)
Landskroner Grieco Merriman LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007
E. drew@lgmlegal.com
jack@lgmlegal.com

Kurt B. Olsen, Esq.
Klafter Olsen & Lesser, LLP
1250 Connecticut Ave., NW, Suite 200
Washington DC 20036
T. (202) 261-3553
F. (202) 261-3533
E. ko@klafterolsen.com

Fran L. Rudich, Esq.
Klafter Olsen & Lesser, LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
T. (914) 934-9200
F. (914) 934-9220
E. fran@klafterolsen.com

*Counsel for Plaintiffs*

*s/Matthew A. Kairis*
Matthew A. Kairis (Ohio Bar # 0055502)
*Trial Counsel*
Kenneth M. Grose (Ohio Bar # 0084305)
David J. Boylan (Ohio Bar # 0088463)
E-mail:  makairis@jonesday.com
         kmgrose@jonesday.com
         dboylan@jonesday.com
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, OH  43215-2673
Telephone:     (614) 281-3605
Facsimile:     (614) 461-4198

John E. Iole (Pennsylvania Bar #47768)
E-mail:  jeiole@jonesday.com
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219
Telephone:     (412) 391-3939
Facsimile:     (412) 394-7959
*(admitted pro hac vice)*

*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD CAMPFIELD, et al.,** | : | Case No. 2:15-cv-2733 |
| | : | |
| Plaintiffs, | : | Judge Watson |
| | : | |
| v. | : | Magistrate Judge Kemp |
| | : | |
| **SAFELITE GROUP, INC., et al.,** | : | |
| | : | |
| Defendants. | : | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER
## EXHIBIT A

I, _____, the undersigned, hereby acknowledge that I have received a copy of the Agreed Protective Order ("Order") entered in this action, and I have read the Order and agree to be bound by all of the provisions in it.  I recognize that during my participation in this case, I may have occasion to read or hear matters which are designated "Confidential."  I agree not to disclose any such confidential matter to any person not entitled to receive disclosure of same under the provisions of such Order and to use any such confidential matter solely in connection with my participation in this case.  I also agree to return to counsel for the party supplying documents to me, in accordance with the Order, any such confidential materials as soon as my participation in the case is concluded.

Dated:_____

_____
Print Name

_____
Print Address

NAI-1502604073v1